IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | 8:07MJ79 |
| vs. )<br>) | ORDER |
| FIDEL ABARCA-URIOSTEGUI, )<br>)<br>Defendant. ) | |

This matter is before the court on the defendant's Motion to Sever [31] and Motion/Objection [30] as to the scheduling of certain depositions previously authorized. The court has considered the government's response [43].

**A. Motion to Sever**

On May 29, 2007 a criminal complaint and arrest warrants were issued as to Fidel Abarca-Uriostegui and Mateo Abarca-Uriostegui, who are now charged in an Amended Criminal Complaint [11] with concealing, harboring and shielding illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii). Neither defendant has yet been indicted and neither defendant has been charged by information.

The purpose of a criminal complaint issued pursuant to Fed. R. Crim. P. 3[1] is to enable the issuing magistrate to determine whether there is probable cause to issue an arrest warrant. *See Giordenello v. United States*, 357 U.S. 480, 486 (1958). As the Court explained, an arrest warrant can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes the element of probable cause for the purpose of issuing an arrest warrant. In the absence of an indictment, the issue of probable cause must be determined pursuant to Rule 3.

The felony violations alleged in this matter must be prosecuted by indictment, *see* Fed. R. Crim. 7(a)(1), which must be filed within the time allowed by the Speedy Trial Act, 18 U.S.C. § 3161(b). Since the defendants have not been indicted, the court agrees with the government that the defendant's motion to sever his case from that of the codefendant was

---

[1] Fed. R. Crim. P. 3 provides: "The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer."

filed prematurely and should be denied, without prejudice to reassertion if the defendants are jointly charged by indictment.

### B. Deposition Schedule

The court previously entered an order allowing the United States to depose ten material witnesses, said depositions to occur on June 5, 2007 and July 7, 2007, "or thereafter." Although the defendant does not object to the depositions being taken, defense counsel is not available to conduct depositions on those dates. Counsel for the United States is unavailable the week of June 11, 2007.

The release of material witnesses "may be delayed for a reasonable period of time" until the witnesses' depositions can be taken pursuant to Fed. R. Crim. P. 15. 18 U.S.C. § 3144. I find that the defendant's objection/motion should be granted, to the extent that counsel are able to agree to a mutually convenient date and time for the depositions to occur, with all material witness depositions to be completed by June 22, 2007.

**IT IS ORDERED:**

1. Defendant's Motion to Sever [31] is denied.

2. Defendant's Motion/Objection [30] regarding the depositions of material witnesses is granted, to the extent that counsel are able to agree to a mutually convenient date and time for the depositions to occur, with all material witness depositions to be completed by **June 22, 2007.**

**DATED June 5, 2007.**

           **BY THE COURT:**

           s/ F.A. Gossett
           **United States Magistrate Judge**