# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:07MJ79 |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | RE: MATERIAL WITNESS |
| FIDEL ABARCA-URIOSTEGUI, ) | Orlando Arellano-Higinio |
| MATEO ABARCA-URIOSTEGUI, ) | |
| Defendant. ) | |

This matter is before the court on the application of the United States for the arrest and detention of a material witness, Orlando Arellano-Higinio. The court having found the application set forth the materiality of the witness' testimony in the above-captioned matter and it may become impracticable to secure the presence of the witness by subpoena, an arrest warrant was issued for the arrest of witness Orlando Arellano-Higinio on May 30, 2007, pursuant to 18 U.S.C. § 3144. Following the witness' arrest, the witness Orlando Arellano-Higinio was brought before the undersigned magistrate judge for a hearing.

Orlando Arellano-Higinio appeared with court-appointed counsel, Andrew J. Wilson. Assistant U.S. Attorney, Douglas R. Semisch, represented the United States. During the hearing, Laura Garcia-Hein, a certified interpreter in the Spanish language, was present i person.

The court took judicial notice of the application and affidavit, the Bureau of Immigration and Custom Enforcement (ICE) detainer for the witness which was placed with the U.S. Marshal, and the Pretrial Services report. Orlando Arellano-Higinio presented no evidence on the government's request for detention and otherwise waived a hearing in this matter.

I find that the testimony of Orlando Arellano-Higinio would be material in this criminal proceeding against Fidel Abarca-Uriostegui and Mateo Abarca-Uriostegui.

I further find it may become impracticable to secure the presence of the witness by subpoena if the witness absconds to Mexico if the witness were released from custody on conditions. Since ICE has placed a detainer with the U.S. Marshal for deportation proceedings regarding the witness and the witness has no roots in this community or state, I find there is no condition or combination of conditions that would reasonablely assure the presence of the witness for the upcoming criminal proceedings in this matter if he were released on conditions.

**IT IS ORDERED:**

1. The witness, Orlando Arellano-Higinio, is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The witness shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the witness to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2. Any motion or request for a deposition of the witness pursuant to Fed. R. Crim. P. 15(a) and 18 U.S.C. § 1344 shall be served on all parties to this case.

Dated: June 7, 2007.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge